USDC IN/ND case 3:21-cv-00836-MGG   document 5   filed 10/12/21   page 1 of 3

20D05-2110-CT-000206            Filed: 10/12/2021 12:09 PM
Elkhart Superior Court 1            Clerk
           Elkhart County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA ) | | ELKHART SUPERIOR COURT NO. 1 |
| ) SS: | | |
| COUNTY OF ELKHART ) | | CAUSE NO. 20D01-2110-CT-_____ |

MARVIN BOHT and )
GLADYS BOHT )
24888 C.R. 20 East )
Elkhart, IN 46517 )
           )
     Plaintiffs, )     **COMPLAINT FOR DAMAGES**
           )
v. )
           )
MENARD, INC. )
c/o THE PRENTICE-HALL CORPORATION )
SYSTEM, INC., Registered Agent for Service, )
135 North Pennsylvania Street, Suite 1610, )
Indianapolis, IN 46204, )
           )
     Defendant. )

COME NOW the Plaintiffs, Marvin Boht and Gladys Boht, by counsel, and for their Complaint for Damages against the Defendant allege and say:

1. That Marvin Boht and Gladys Boht are husband and wife and adult individuals who are now and were on October 14, 2019, residents of Elkhart County, State of Indiana.

2. That the Defendant, Menard, Inc., is a Foreign For-Profit Corporation licensed to be and doing business in the State of Indiana, located at 601 East Windsor Avenue, Elkhart, Indiana 46514, which was and is in the business of, among other things, home improvement offering assorted building materials, tools, gardening supplies & appliances for retail sale.

3. That on October 14, 2019, the Plaintiffs, Marvin Boht and Gladys Boht, were business invitees of Defendant, Menard, Inc., located at 601 East Windsor Avenue, Elkhart, Indiana 46514

4. That the Defendant, Menard, Inc., had a duty on October 14, 2019, to exercise reasonable care to discover defects or dangerous conditions on the Menard, Inc. premises located at 601 East Windsor Avenue, Elkhart, Indiana 46514 and to provide a safe environment for its business invitees.

**EXHIBIT B**

5. That on October 14, 2019, Plaintiffs Marvin Boht and Gladys Boht made a purchase at Menard, Inc., then proceeded across the natural ingress and egress of the parking lot to their car which was parked in the parking lot.

6. That as Plaintiff, Marvin Boht, walked across the concrete island located at the end of the parking lane, he slipped on the rock/gravel landscaping and fell off of the curb, which resulted in injuries.

7. That the injuries Plaintiff, Marvin Boht incurred as a result of slipping and falling were due to at least the following factors:

    a. Improper maintenance of the Menard, Inc. parking lot, concrete islands, landscaping, sidewalk, building, grounds and facilities which resulted in a dangerous condition, and;

    b. Improper design, use of demarcation paint, and inspection of the Menard, Inc. parking lot, concrete islands, landscaping, sidewalk, building, grounds and facilities by managers and employees of Menard, Inc. and;

    c. Improper design, implementation and upkeep of parking lot and spaces in violation of I.C. § 5-16-19;

    d. Improper supervision and instruction of Menard, Inc. managers and employees in regards to the inspection, maintenance, and correction of dangerous conditions in the area of, but not limited to, the Menard, Inc. parking lot.

    e. Improper failure to warn business invitees of the dangerous condition or potential for a dangerous condition in the Menard, Inc. parking lot, when the Defendant knew or should have known of such dangers.

8. That because of the breach of the duty by the Defendant, Marvin Boht suffered injuries which were the direct proximate cause and result of the negligence of the Defendant.

9. That as a direct and proximate result of the negligence of the Defendant, Marvin Boht has suffered damages including, but not limited to:

    A. Medical expenses;

    B. Future medical expenses of a non-determined amount;

    C. Mental anguish;

    D. Pain and suffering;

    E. Loss of time of a non-determined amount and other pecuniary damages;

      F.      Injury to body and mind, some of which is permanent.

10.    That in an attempt to treat his injuries and to lessen his pain and suffering, the Plaintiff, Marvin Boht, was required to engage the services of hospitals and physicians for treatment, medication and x-rays, surgery and physical therapy thereby incurring medical expenses and he may require additional medical care in the future.

11.    As a direct and proximate result of the carelessness and negligence of the Defendant, as set forth above, the Plaintiff, Gladys Boht, the wife of the Plaintiff, Marvin Boht, lost the love, affection and consortium of her husband, and she was required to provide services for her husband above those services customarily expected of her as his spouse.

WHEREFORE, the Plaintiffs, Marvin Boht and Gladys Boht, pray for judgment against the Defendant, in an amount commensurate with their injuries and damages, for the costs of this action, for trial by jury, and for all other just and proper relief in the premises.

Dated this **12th** day of October, 2021.

_____
Richard W. Crowder, 19071-49
Counsel for the Plaintiffs
211 South Third Street
Goshen, IN 46526
(574) 533-8041
(574) 533-2108 FAX
crowderlaw@gmail.com